AO 241
(Rev. 12/04)

2)08 cv 239 -WKW

Page 2

RECEIVED

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: MiDDle 2008 APR -1 A 9: 32 |
|---|---|
| Name (under which you were convicted): Christopher Daniel Gay | Docket or Case No.: CCOT 188 DEBRA P. HACKETT CLM U.S. DISTRICT COURT MIDDLE DISTRICT ALA |
| Place of Confinement : Draper Correctional Facility | Prisoner No.: 253574 |
| Petitioner (include the name under which you were convicted)          Respondent (authorized person having custody of petitioner)  v. State of Alabama  St. Clair Co | |
| The Attorney General of the State of Alabama | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    St. Clair County Circuit Court
    1815. Cogswell Ave
    Pellcity AL.35125

    (b) Criminal docket or case number (if you know): CCOT-188

2.  (a) Date of the judgment of conviction (if you know): March 21. 2007

    (b) Date of sentencing: March 21. 2007

3.  Length of sentence: 15 yrs. split to serve 2 years

4.  In this case, were you convicted on more than one count or of more than one crime?     ☐ Yes     ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    1st Degree Theft

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☒ (2)  Guilty            ☐ (4)  Insanity plea

AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not <u>guilty</u> to?  *1st Degree Theft*

(c) If you went to trial, what kind of trial did you have? (Check one)

    ❏ Jury   ☒ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ❏ Yes   ☒ No

8.     Did you appeal from the judgment of conviction?

    ❏ Yes   ☒ No

9.     If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?   ❏ Yes   ❏ No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

    (4) Date of result (if you know):

AO 241
(Rev. 12/04)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☒ Yes    ☐ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: *Criminal Court of Appeals*

(2) Docket or case number (if you know): *CR-07-0924*

(3) Date of filing (if you know): *3-7-08*

(4) Nature of the proceeding: *Mandamus.*

(5) Grounds raised: *Asking to get the courts to respond to motions. So I can get my Jail Credits. I never received all of my Jail credits that was agreed that I would get. And the state of Alabama said I am to get. It was also ordered.*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: *Dismissed my petition*

(8) Date of result (if you know): *N/A*

✎AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: *ST, CLair County Court*

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: *Motion For Jail Credits*

(5) Grounds raised:

*The Courts Did not Honor The Plea Agreement And Give me my Jail Credits And Alabama Code 15-18-5 an 15-22-54 states that Im to Get my Jail Credits.*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: *None*

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: *ST, CLair County Circuit Court*

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: *Rule 32*

(5) Grounds raised:

*Jail Credits, And Plea Agreement was not Honored By The Courts*

✎AO 241
(Rev. 12/04)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: *Dismissed*

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒ Yes ☐ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

*I Filed Motion with Criminal Court of Appeals.*

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*I was Arrested on December 14, 2006, And Held For Extradition. I Never Got Credits From December 14.06 I have Extradition Form Proving All This. Also In my Plea Deal I was to Get All my Jail Credits.*

(b) If you did not exhaust your state remedies on Ground One, explain why:

*I Exhausted Every State Remedy.*

AO 241
(Rev. 12/04)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

*I've Raised This Issue on All Motions.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Rule 32*

Name and location of the court where the motion or petition was filed:

*St. Clair County Circuit Court*

Docket or case number (if you know): *CC07-188*

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: *I appealed It on The Grounds That They Dismissed my Motion on No Groun*

Name and location of the court where the appeal was filed:

*St. Clair County, Circuit Court*

Docket or case number (if you know): *CC07-188*

Date of the court's decision: *February 8, 2008*

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

✎AO 241
(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: *Mandamus. Rule 32, Motion of certiorari*

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❏ Yes        ❏ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes        ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Rule 32*

Name and location of the court where the motion or petition was filed:

*St. Clair Co. Circuit Court*

Docket or case number (if you know): *CC07-188*

Date of the court's decision: *2-8-08*

✎AO 241
(Rev. 12/04)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

~~(4) Did you appeal from the denial of your motion or petition?~~  ☒ ~~Yes~~  ☐ ~~No~~

~~(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?~~  ☒ ~~Yes~~  ☐ ~~No~~

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *RULE 32*

Name and location of the court where the motion or petition was filed:
*ST. CLAIR COUNTY CIRCUIT COURT*

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏ Yes     ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes     ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

✎AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❑ Yes ❑ No

(4) Did you appeal from the denial of your motion or petition? ❑ Yes ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❑ Yes ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 12/04)

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?   ☑ Yes   ☒ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:   *This Motion Is my Next Step*

    (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so,

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?   ☐ Yes   ☑ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?   ☑ Yes  ☐  ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

    raised.   *Ive Filed Motions In St. Clair County Circuit*
*Court, But Received No Response As of yet, And*
*Their Time To Respond has expired.*

AO 241
(Rev. 12/04)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:    *ERiCa B. Horton*
*1900. Cogswell Ave*
*Pellcity    AL. 35125*

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:    *EriCa B. Horton*

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?         ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?         ☐ Yes    ☒ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 12/04)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.    § 2244(d) provides in

part that:

      (1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

            (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

            (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

            (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

            (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

(2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on    March 22,  (date). 2007

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *

# Relief that is Requested

All That I am asking for is St. Clair County
Courts honor their plea agreement, And Give
me my Jail Credits From December 14, 2006
Forward, It was Also ordered on my Judgement
order That Im to Get all of my Jail Credits.
Also Alabama Code 15-18-5, An Ala. Code
15-22-54 (d) (3), states that I am to
Get these credits

Respectfully Submitted
Chris D. Dex

Christopher D. Gay #235714
DEKALB CORR FACILITY
Cell # H1 BED 13B
P.O. Box 1107
Elmore AL. 36025

LEGAL MAIL

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

OFFICE OF THE CLERK
UNITED STATES DIST COURT
P.O. Box 711
Montgomery AL. 36101-0711



FILED

at 9:02 o'clock a M

E06-026-2 NO.    DEC 14 2006

Nancy E. Rister
County Clerk, Williamson Co., TX

EX PARTE                                    IN THE COUNTY COURT AT LAW
                                            NO. 2

CHRISTOPHER GAY
FUGITIVE FROM JUSTICE

### WAIVER OF EXTRADITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CHRISTOPHER GAY and makes known to the Court that he is the same CHRISTOPHER GAY that is charged with the felony of STOLEN PROPERTY, which is alleged to have been committed in the State of ALABAMA, on or about and prior to the 20TH. day of OCTOBER 2006.

Don Higginbotham

AND having been advised by the Honorable ~~Tim L. Wright~~, Judge, of the County Court at Law NO. 2 of Williamson County, Texas, of HIS rights to the issuance and service of a Governor's Warrant of Extradition, and to obtain a Writ of Habeas Corpus to test the validity of his arrest, and of the right to demand and procure legal counsel;

AND understanding said admonishment of the Court, the said CHRISTOPHER GAY here now waives all other procedure incidental to extradition proceedings and consents to return to the State of ALABAMA with the said officers of the said State.

x_____
DEFENDANT

EXECUTED AND SUBSCRIBED BEFORE ME THIS 20th DAY OF December 2006.

_____
COUNTY JUDGE
COUNTY COURT AT LAW NO. 2
WILLIAMSON COUNTY, TEXAS

FILED

at 1:09 o'clock P M

DEC 20 2006

Nancy E. Rister
County Clerk, Williamson Co., TX

ENTERED

COURT OF CRIMINAL APPEALS
STATE OF ALABAMA

Christopher Daniel Gay                    (
     Petitioner                        (
                                         (
Vs.                                       (
                                         (
State of Alabama                          (
                                         ( Case NO#CC07-188
                                         ( St. Clair County

## PETITION OF MANDAMUS

COMES NOW the petitioner Christopher Daniel Gay,And exercises his
right to file a petition of MandamusRULE 21 (a),To get the courts
and Attorney to respond to Motions that was filed in the above
case to get jail credits that never was received In my plea deal
in the above case it was agreed that i would get all jail credits
pertaining to my case.ALABAMA CODE 15-18-5 and Ala. Code15-22-54
(d) (3). states that iam to get these jail credits aswell.
On December 14,2006, I was arrested in Williamson county,Georgetown
Texas, On a Fugitive from justice Warrant issued out of St,clair
county, Pellcity Alabama, For theft of property. Being Case#CC07-188
On December 20, 2006 i was took before Judge Don Higginbotham of
Williamson County Texas to sign that waiver of extradition to
St.clair county Alabama.I was extradited to Alabama, And put in
PellCity jail on March 20,2007. I never got jail credits from
December 14,2006 Till March 19,2007.I filed Motioms with St.Clair
County Court.And wrote to Mrs.Erica M. Horton the Public defender
Whom represented me.But i never received my jail credits. or a
response from either. Ive also furnished them with copys of my
waiver of extradition.

RESPECTFULLY SUBMITTED

*Christophe D. Gay*

Christopher Daniel Gay #253514
Draper Correctional Facility
P.O Box 1107
Elmore              Alabama
                          36025-1107

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

PAMELA W. BASCHAB
Presiding Judge
H. W. "BUCKY" McMILLAN
GREG SHAW
A. KELLI WISE
SAMUEL HENRY WELCH
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521



### CR-07-0924

Ex parte Christopher Daniel Gay    (In re: State of Alabama vs. Christopher Daniel Gay)
(Pell City Division, St. Clair  Circuit Court: CC07-188)

## ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby Denied.  See Ex parte Gandy, 276 Ala. 279, 161 So.2d 483 (1964).

**Done this the 18th day of March, 2008.**

*Pamela W. Baschab*

**Pamela W. Baschab, Presiding Judge**
**Court of Criminal Appeals**

cc: Hon. Annette Manning Hall, Circuit Clerk
     Christopher Daniel Gay, Pro Se
     Hon. Charles E. Robinson, Circuit Judge
     Hon. Troy King, Attorney General
     Hon. Richard Minor, District Attorney

## IN THE CIRCUITCOURT FOR ST. CLAIR COUNTY, ALABAMA
## SOUTHERN JUDICIAL DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GAY, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| V. | ) | Case No.  CC 07-188 |
| | ) | |
| | ) | |
| STATE OF ALABAMA, | ) | |
| Respondent. | ) | |

## ORDER

The Court having read and considered the Rule 32 petition and the response of the State of Alabama thereto, finds that the Petition is not sufficiently specific and, in fact, fails to state a bonafide claim which is cognizable under the provisions of Rule 32 A.R.Cr.P.

It is therefore **ORDERED, ADJUDGED AND DECREED** that the State of Alabama's Motion for Summary Judgment / Motion to Dismiss is hereby granted and the Petitioner's petition be and it is hereby dismissed.  The Clerk of Court shall hereby forward a copy of this order to all parties of record.

This the 3rd day of March 2008.

**JUDGE CHARLES ROBINSON**
**PRESIDING CIRCUIT JUDGE**
**ST. CLAIR COUNTY, ALABAMA**

FILED

MAR 05 2008

ST. CLAIR COUNTY
CLERK & REGISTER